IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:09-CV-323-D

| | |
|---|---|
| GWENDOLYN FLOYD, ) | |
|     Plaintiff, ) | |
| ) | |
|     v. ) | |
| ) | **MEMORANDUM &** |
| ) | **RECOMMENDATION** |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
|     Defendant. ) | |
| ) | |

This matter is before the Court upon the parties' cross Motions for Judgment on the Pleadings (DE's 13 & 17). Plaintiff has also filed a response (DE-22). The time for the parties to file any further responses or replies has expired. Accordingly, the matter is now ripe for adjudication. Pursuant to 28 U.S.C. 636(b)(1), this matter is before the undersigned for the entry of a Memorandum and Recommendation. For the following reasons, it is HEREBY RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings (DE-13) be GRANTED, and that Defendant's Motion for Judgment on the Pleadings (DE-17) be DENIED. Specifically, it is RECOMMENDED that the matter be remanded for more specific findings of fact as detailed below.

**I. Statement of the Case**

Plaintiff filed applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") on May 20, 2005 (Tr. 9). Both applications allege that she has been disabled since December 15, 1999 (Tr. 9). These applications were denied initially and upon

1

reconsideration. (Tr. 32). A hearing was held before an Administrative Law Judge ("ALJ"), who determined that Plaintiff was not disabled in a decision dated October 30, 2008 (Tr. 19). The Social Security Administration's Office of Hearings and Appeals ("Appeals Council") denied Plaintiff's request for review on May 1, 2009, rendering the ALJ's determination as Defendant's final decision. (Tr. 2-4). Plaintiff filed the instant action on July 16, 2009 (DE-4).

On October 8, 2009, the Social Security Administration issued Plaintiff a "Notice of Attorney Advisor Decision" (DE 14-2). This notice stated that "[a]s a result of an additional review, we are able to make a fully favorable medical decision and find that you meet the medical requirements for disability benefits. The onset of your disability is established as October 31, 2008" (DE 14-2, pg. 1).

## II. Standard of Review

This Court is authorized to review Defendant's denial of benefits under 42 U.S.C. § 405(g), which provides in pertinent part:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive...
> Id.

"Under the Social Security Act, [the Court] must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is ... such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642

2

(4th Cir.1966). "In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Craig, 76 F.3d at 589. Thus, this Court's review is limited to determining whether Defendant's finding that Plaintiff was not disabled is "supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir.1990).

**III. Analysis**

The Social Security Administration has promulgated the following regulations which establish a sequential evaluation process which must be followed to determine whether a claimant is entitled to disability benefits:

> The five step analysis begins with the question of whether the claimant engaged in substantial gainful employment. 20 C.F.R. § 404.1520(b). If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. § 404.1520(c). If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations. 20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpart P, App.I. If so the claimant is disabled. If not, the next inquiry considers if the impairment prevents the claimant from returning to past work. 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a). If the answer is in the affirmative, the final consideration looks to whether the impairment precludes the claimant from performing other work. 20 C.F.R. § 404.1520(f).
> Mastro v. Apfel, 270 F.3d 171, 177 (4th Cir. 2001).

In the instant action, the ALJ employed the five-step evaluation. First, the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 15, 1999. (Tr. 11). At step two, the ALJ found that Plaintiff suffered from the following severe impairments: 1) alcoholic pancreatitis; 2) chronic obstructive pulmonary disease; 3) degenerative disc disease of the spine; 4) asthma; 5) depression; and 6) alcohol abuse and dependence (Tr. 15). In completing step three,

however, the ALJ determined that these impairments were not severe enough to meet or medically equal one of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 15). The ALJ then proceeded with step four of his analysis and determined that Plaintiff had no past relevant work (Tr. 18). At step five, however, the ALJ found that there were jobs that Plaintiff could perform and that these jobs existed in significant numbers in the national economy. (Tr. 18). In making this finding, the ALJ determined that Plaintiff had the Residual Functional Capacity ("RFC") to:

> lift and carry 50 pounds occasionally and 25 pounds frequently; stand and walk with normal breaks, for a total of about 6 hours an 8-hour day; occasionally climb ramps and stairs, and no climbing of ladders, ropes and scaffolds; perform occasional balancing, frequent stooping, kneeling, crouching and crawling; avoid concentrated exposure to hazards; perform jobs which involve the ability to understand and remember simple instructions; maintain sufficient concentration. persistence and pace to perform simple, routine. repetitive tasks; interact frequently with coworkers. supervisors, and occasionally with members of the public; and adapt to routine changes in the job setting . . .
> (Tr. 17).

Accordingly, the ALJ ultimately determined that Plaintiff was not under a disability at any time through October 30, 2008. (Tr. 18). However, as noted above, a subsequent Attorney Advisor Decision determined that Plaintiff was disabled as of October 31, 2008 (DE 14-2). In contrast to the ALJ's October 30, 2008 decision, the Attorney Advisor Decision indicated that Plaintiff only had the RFC to perform less than sedentary work (DE 14-2, pg. 6). Moreover, the Attorney Advisory Decision relied at least partially on information that was available prior to the ALJ's October 30, 2008 decision (DE 14-2, pg. 6-7). Likewise, the claim underlying the Attorney Advisory Decision involved substantially the same impairments as in the first claim, with no evidence of any sudden trauma or onset of medical conditions since the ALJ's decision. Finally, Plaintiff's age category had not changed in the interim.

Pursuant to 28 U.S.C. § 405(g), remand is warranted "upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding [.]" "Evidence is material if there is a reasonable possibility that the new evidence would have changed the outcome." Wilkins v. Secretary, Dep't of Health & Human Services, 953 F.2d 93, 96 (4th Cir.1991) (*en banc*). The new evidence must "relate to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R. § 404.970(b). This does not mean that the evidence had to have existed during that period. Rather, evidence must be considered if it has any bearing upon whether the Claimant was disabled during the relevant period of time. *See*, Wooldridge v. Bowen, 816 F.2d 157, 160 (4th Cir.1987); Cox v. Heckler, 770 F.2d 411, 413 (4th Cir.1985); Leviner v. Richardson, 443 F.2d 1338, 1343 (4th Cir.1971).

Here, the discrepancies between the ALJ's October 30, 2008 decision and the October 8, 2009 Attorney Advisor Decision call into question whether the ALJ considered all material evidence in the record before reaching his decision. *See* Reichard v. Barnhart, 285 F. Supp. 2d 728, 734 (S.D.W.Va. September 29, 2003)(a "decision finding disability commencing less than a week after . . .[an ALJ] first pronounced that Claimant was not disabled is new and material evidence")(*citing* Lively v. Secretary of HHS, 820 F.2d 1391 (4th Cir.1987)).

Accordingly, it is HEREBY RECOMMENDED that the decision dated October 30, 2008, be vacated and remanded for the purpose of determining the precise onset date of Plaintiff's disability.

## **Conclusion**

For the reasons discussed above, it is HEREBY RECOMMENDED that Plaintiff's Motion

for Judgment on the Pleadings (DE-13 )be GRANTED, and that Defendant's Motion for Judgment on the Pleadings (DE-17) be DENIED. Specifically, it is RECOMMENDED that the matter be remanded to permit an ALJ to make additional findings in accordance with the foregoing directives.

SO RECOMMENDED in Chambers at Raleigh, North Carolina this 26th day of April, 2010.

_____
William A. Webb
U.S. Magistrate Judge